## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AARON CHASE-KEYES,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 25-CV-5908** |
| | : | |
| | : | |
| **SPRINGFIELD TOWNSHIP POLICE** | : | |
| **DEPARTMENT,** *et al.*, | : | |
|     Defendants. | : | |

| | | |
|---|---|---|
| | : | |
| **AARON CHASE-KEYES,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 25-CV-5990** |
| | : | |
| **MONTGOMERY COUNTY** | : | |
| **EMERGENCY SERVICES,** *et al.*, | : | |
|     Defendants. | : | |

| | | |
|---|---|---|
| | : | |
| **AARON CHASE-KEYES,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 25-CV-6053** |
| | : | |
| **SPRINGFIELD TOWNSHIP POLICE** | : | |
| **DEPARTMENT,** *et al.*, | : | |
|     Defendants. | : | |

## **ORDER**

**AND NOW**, this 17th day of December 2025, upon consideration of Plaintiff Aaron Chase-Keyes's Motions to Proceed *In Forma Pauperis*, *pro se* Complaints, and pending motions in the above cases, it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* (No. 25-5908 at ECF No. 8; No. 25-5990 at ECF No. 7; No. 25-6053 at ECF No. 6) is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Chase-Keyes Duplicative Motions[1] to Proceed *In Forma Pauperis* (No. 25-5908 at ECF No. 10; No. 25-6053 at ECF Nos. 10, 13) are **DENIED as moot**.

3. Chase-Keyes Motions to Reconsider Denial of *In Forma Pauperis* Status (No. 25-5908 at ECF Nos. 7, 9, 12; No. 25-5990 at ECF Nos. 6, 9; No. 25-6053 at ECF Nos. 5, 8, 9, 12) are **DENIED as moot.**

4. Chase-Keyes Motions to Expedite (No. 25-5908 at ECF Nos. 13, 14; No. 25-5990 at ECF No. 10) are **DENIED**.

5. The Complaints (Nos. 25-5908, 25-5990, No. 25-6053 at ECF No. 2) are **DEEMED** filed.

6. The Complaints are **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's accompanying Memorandum, as follows:

    a. All claims against the Springfield Township Police Department, the Cheltenham Township Police Department, the Lower Merion Police Department, the Montgomery County Courthouse, and the Montgomery County Correctional Facility, and all claims premised on events occurring in August 2022 and August 2023 are **DISMISSED WITH PREJUDICE**.

    b. Any claims based on the June 16, 2023, entry and the loss of property in January 2024 are **DISMISSED WITH PREJUDICE**.

---

[1] Chase-Keyes is placed on notice that continuing to file duplicative motions and cases could result in restrictions on his filing activity.

      c. All remaining claims are **DISMISSED WITHOUT PREJUDICE,** specifically claims under the Fourth Amendment for unlawful search and seizure in January 2024 and September 2025, and under the Fourteenth Amendment for denial of due process arising from involuntary commitments pursuant to the Pennsylvania's Mental Health Procedures Act, including if the firearms were properly seized.

7. The Clerk of Court is directed to **CLOSE** Civil Action Numbers 25-5990 and 25-6053.

8. Chase-Keyes may file <u>one amended complaint</u>, **only in Civil Action Number 25-5908**, within thirty (30) days of the date of this Order if he is capable of asserting timely claims against the proper defendants and correcting the defects the Court has identified in his claims dismissed without prejudice.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Chase-Keyes's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaints, Exhibits, or other papers filed in these cases to state a claim.  When drafting his amended complaint, Chase-Keyes should be mindful of the Court's reasons for dismissing the claims in his initial Complaints as explained in the Court's Memorandum.  Chase-Keyes **MUST FILE ALL CLAIMS IN CIVIL ACTION NUMBER 25-5908** ONLY and <u>may not reassert any claim that has already been dismissed with prejudice</u>.  He is **ONLY** granted leave to amend to his remaining claims dismissed without prejudice under the Fourth Amendment for unlawful search and seizure in January 2024 and September 2025, and under the Fourteenth Amendment for

denial of due process arising from his involuntary commitments pursuant to the MHPA within the two-year limitations period, including if his firearms were properly seized.

9. Upon the filing of an amended complaint in 25-5908, the Clerk shall not make service until so **ORDERED** by the Court.

10. The Clerk of Court is **DIRECTED** to send Chase-Keyes a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing **Civil Action Number 25-5908 only**. Chase-Keyes may use this form to file one amended complaint in Civil Action Number 25-5908 if he chooses to do so.

11. If Chase-Keyes does not wish to file an amended complaint and instead intends to stand on his Complaints as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action numbers for these cases. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

12. If Chase-Keyes fails to file any response to this Order, the Court will conclude that Chase-Keyes intends to stand on his Complaints and will issue a final order dismissing this

case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

S/ WENDY BEETLESTONE

_____

WENDY BEETLESTONE, C. J.

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible.") (citing cases).